OPINION
{¶ 1} Defendants-Appellants, Fairport Harbor Exempted Village School District Board of Education, and Marilyn Foote, appeal the judgment of the Lake County Court of Common Pleas, denying their motion to dismiss.
 {¶ 2} On March 16, 2005, Plaintiff-Appellee, Thomas J. Piispanen ("Thomas"), by and through his parents,[1] filed a complaint against defendants, Sean A. Carter II ("Sean"), his father, Sean A. Carter, the Fairport Harbor Board of Education ("the Board"), Fairport Harbor High School, and Marilyn Foote ("Foote"), alleging negligence and various intentional torts. The allegations arose from an alleged assault by Sean against Thomas, occurring on school premises on March 16, 2004.
 {¶ 3} Relevant to the instant appeal, appellees alleged that the Board, the High School and Foote, as principal of the High School and an employee of the Board, were negligent under various theories, including failure to provide a safe and secure environment, as well as failure to warn Thomas of the known danger Sean posed. The complaint also alleged what appear to be a defamation and an intentional infliction of emotional distress claim against Foote based upon a disciplinary suspension given to Thomas for an alleged act of vandalism, "which led to the intentional and unprovoked beating" of Thomas by Sean. Finally, the complaint alleged that Foote negligently failed to aid or protect Thomas based upon her failure to notify his parents and authorities of the alleged assault, or to seek medical attention on his behalf thereafter.
 {¶ 4} On May 16, 2005, the Board and Foote filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), alleging that under R.C. Chapter 2744, both the Board and Foote were immune from liability. On May 31, 2005, the Piispanens filed a brief in opposition to the motion to dismiss, arguing that the case should proceed to discovery, after which time plaintiffs would be able to demonstrate that defendants did not qualify for immunity under R.C. 2744.02(B). On June 8, 2005, the Board and Foote filed a reply brief to the Piispanen's motion, arguing that plaintiff's failure to allege a specific exception to Foote and the Board's immunity under R.C. 2744.02(B) warranted dismissal of the action against them.
 {¶ 5} On August 10, 2005, the trial court denied the Board and Foote's motion to dismiss, concluding that while the issue of whether political subdivision immunity applied was a question of law, it "is most properly, and preferably, disposed of via a motion for summary judgment." The court did not consider any arguments pertaining to claims against the High School, since it did not join in the motion to dismiss.
 {¶ 6} The Board and Foote timely appealed, assigning the following as error:
 {¶ 7} "[1.] The trial court erred to the prejudice of the Fairport Harbor Exempted Village School District Board of Education in not dismissing all clams against it on the grounds of Ohio Revised Code Chapter 2744 immunity.
 {¶ 8} "[2.] The trial court Erred to the Prejudice of Marilyn Foote in not dismissing all claims against her on the grounds of Sovereign Immunity."
 {¶ 9} As an initial matter, we note that generally a denial of a motion to dismiss is not a final appealable order. Lakewoodv. Pfeifer (1992), 83 Ohio App.3d 47, 50 (citation omitted). Nevertheless, an exception to this rule will lie when the denial is of a motion to dismiss alleging sovereign immunity under R.C.2744.02. Am. Site Contrs., Inc. v. Willowick, 11th Dist. No. 2005-L-088, 2005-Ohio-4768, at ¶ 3. Such judgment is immediately appealable. Id.; R.C. 2744.02(C). Thus, the instant appeal is properly before this court.
 {¶ 10} "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." State ex rel. Hanson v. GuernseyCty. Bd. of Commrs., 65 Ohio St.3d 545, 547, 1992-Ohio-73. In reviewing a judgment involving a Civ.R. 12(B)(6) motion to dismiss, an appellate court conducts a de novo review of the complaint to determine whether the dismissal was appropriate.Ferreri v. The Plain Dealer Publishing Co. (2001),142 Ohio App.3d 629, 639, citing Greeley v. Miami Valley Maintenance.Contrs., Inc. (1990), 49 Ohio St.3d 228; Camastro v. Motel 6Operating, L.P. (Apr. 27, 2001), 11th Dist. No. 2000-T-0053, 2001 Ohio App. LEXIS 1936, at *12-*13 (citations omitted). In construing the complaint, we must presume that all factual
allegations in the complaint are true and make all reasonable inferences in favor of the non-moving party. Mitchell v. LawsonMilk Co. (1988), 40 Ohio St.3d 190, 192 (emphasis added). When granting or denying a motion to dismiss under Civ.R. 12(B)(6), the principles of notice pleading apply and "a plaintiff is not required to prove his or her case at the pleading stage." Yorkv. Ohio State Hwy. Patrol (1991), 60 Ohio St.3d 143, 144-145.
 {¶ 11} Accepting all factual allegations as true, a complaint should not be dismissed unless it appears beyond doubt from the face of the complaint that the plaintiff can prove no set of facts warranting recovery. O'Brien v. Univ. Community TenantsUnion, Inc. (1975), 42 Ohio St.2d 242, at the syllabus. Accordingly, "as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." York, 60 Ohio St.3d at 145. Although a "pleading * * * need not state with precision all elements that give rise to a legal basis for recovery * * *, [it] must contain either direct allegations on every material point necessary to sustain a recovery * * * or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Fancher v. Fancher (1982),8 Ohio App.3d 79, at the syllabus. Accordingly, "[t]his court must analyze whether or not there is a set of facts which would allow [the plaintiff] to recover." Sinoff v. Ohio Permanente Med.Group, Inc., 146 Ohio App.3d 732, 2001-Ohio-4186, at ¶ 20.
 {¶ 12} In its first assignment of error, the Board maintains that the trial court erred in not dismissing all claims against it on the grounds that it is immune under R.C. 2744(A)(1) and the Board's alleged acts or omissions in the complaint do not fall within any of the recognized exceptions of R.C. 2744(B)(1)-(5). We agree.
 {¶ 13} The common-law concept of sovereign immunity has been largely codified in Ohio Revised Code Chapter 2744. See Wilsonv. Stark Cty. Dept. of Human Servs., 70 Ohio St.3d 450, 453, 1994-Ohio-394.
 {¶ 14} R.C. 2744.02(A)(1) provides as follows:
 {¶ 15} "For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."
 {¶ 16} In the majority of cases, the broad immunity of R.C. Chapter 2744 provides a complete defense to a negligence cause of action. Turner v. Central Local School Dist., 85 Ohio St.3d 95,98, 1999-Ohio-207; Sabulsky v. Trumbull Cty., 11th Dist. No. 2001-T-0084, 2002-Ohio-7275, at ¶ 11 ("R.C. Chapter 2744 provides nearly absolute immunity to political subdivisions in order to limit their exposure to money damages"). However, "[t]he immunity afforded a political subdivision in R.C. 2744.02(A)(1) is not absolute." Cater v. Cleveland, 83 Ohio St.3d 24, 28, 1998-Ohio-421, citing Hill v. Urbana, 79 Ohio St.3d 130,1997-Ohio-400.
 {¶ 17} The Court set forth a three-tiered analysis to determine whether a political subdivision is immune from tort liability: The first tier is to establish immunity under R.C.2744.02(A)(1); the second tier is to analyze whether any of the exceptions to immunity under R.C. 2744.02(B) apply; if so, then under the third tier, the political subdivision has the burden of showing that one of the defenses of R.C. 2744.03 applies. If so, then immunity is reinstated. Cater, 83 Ohio St.3d at 28;Hubbard v. Canton City School Bd. of Edn., 97 Ohio St.3d 451,2002-Ohio-6718, ¶¶ 11-12.
 {¶ 18} For the purposes of the immunity statute, the Board qualifies for general immunity since a public school district is a "political subdivision" pursuant to R.C. 2744.01(F), and providing a system of public education is considered a "governmental function" under 2744.01(C)(2)(c). Hubbard,
2002-Ohio-6718, at ¶ 11. Accordingly, the Board has satisfied the first prong of the Cater test.
 {¶ 19} We next turn to the issue of whether any of the exceptions under R.C. 2744.02(B) apply.
 {¶ 20} R.C. 2744.02 removes the general statutory presumption of immunity for political subdivisions only under the following express conditions: (1) the negligent operation of a motor vehicle by an employee, R.C. 2744.02(B)(1); (2) the negligent performance of proprietary functions, R.C. 2744.02(B)(2); (3) the negligent failure to keep public roads open and in repair, R.C.2744.02(B)(3); (4) the negligence of employees occurring within or on the grounds of certain buildings used in connection with the performance of governmental functions, R.C. 2744.02 (B)(4); (5) express imposition of liability by statute, R.C.2744.02(B)(5). Sabulsky, 2002-Ohio-7275, at ¶ 13, citingEngleman v. Cincinnati Bd. of Edn. (Jun. 22, 2001), 1st Dist. No. C-000597, 2001 Ohio App. LEXIS 2728, at *8.
 {¶ 21} A careful review of appellees' complaint reveals that the only possible exception to the Boards' statutory immunity lies in the fact that the incident occurred in a public school building. However, the nature of the claims in the complaint preclude the applicability of this exception for two reasons: With respect to appellees' negligence claims against the Board, as enumerated in Counts III and IV, while there is no dispute the alleged incident occurred within the school building, the incident was not the result of "physical defects within or on the grounds of * * * buildings used in connection with the performance of a governmental function." R.C. 2744.02(B)(4). Furthermore, since the remaining claims against the board are intentional tort claims, they are, by the express terms of the statute, not subject to any exception under R.C. 2744.02(B).Sabulsky, 2002-Ohio-7275, at ¶ 14; Wilson v. Stark Cty. Dept.of Human Servs. (1994), 70 Ohio St.3d 450, 452; Thayer v. WestCarrolton Bd. of Edn., 2nd Dist. No. 20063, 2004-Ohio-3921, at ¶ 14 ("Because an intentional tort is not the result of negligence, an intentional tort is not an exception to the broad immunity generally enjoyed by political subdivisions.") (citations omitted).
 {¶ 22} Accepting all of the factual allegations of the complaint and the reasonable inferences drawn therefrom as true,[2] it appears beyond doubt that appellees can plead no set of facts which would fall within an exception to the Boards' broad grant of statutory immunity and would allow them to recover, and we need not consider the third factor under Cater.
Accordingly, all claims against the Board should have been dismissed. Appellants' first assignment of error has merit.
 {¶ 23} In their second assignment of error, appellants argue that all claims against Foote should have been dismissed, since she was acting in her official capacity as principal of Fairport Harbor High School, and, therefore, was immune from liability under R.C. Chapter 2744.
 {¶ 24} Pursuant to R.C. 2744.03(A)(6), an employee of a political subdivision is immune from liability unless one of the following applies:
 {¶ 25} "(a) The employee's acts or omissions were manifestly outside of the scope of the employee's employment or official responsibilities;
 {¶ 26} "(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
 {¶ 27} "(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code."
 {¶ 28} Appellees' complaint alleges that Foote was acting within the course and scope of her employment at the time the alleged incident occurred. Additionally, appellees' complaint does not predicate Foote's liability on any section of the Revised Code. Therefore, neither subsections (a) or (c) apply to the complaint and, in order for Foote to be found liable under any theory, "it must be shown that an employee's action or omissions were with malice, in bad faith, or wanton or reckless."Smith v. McCarty, 9th Dist. No. 15670 1993 Ohio App. LEXIS 55, at *4-*5; R.C. 2744.03(A)(6)(b). "This implies a willful and intentional design to do injury without just cause or excuse * * * or a failure to exercise any care when the probability of harm is great, and that probability of harm is known to the actor * * *." Id. at *5 (internal citations omitted).
 {¶ 29} In carefully examining the allegations in each count of the complaint against Foote, though most are presented in terms of negligence, they also allege willful and wanton misconduct on the part of Foote, which led to Thomas' injuries. Of the two remaining counts against Foote, both are intentional tort claims. Under Civ.R.9(B), "[m]alice, intent, knowledge, and [any] other condition of mind * * * may be averred generally." Furthermore, "[e]mployees who * * * engage in intentional torts may be individually liable for their behavior." Sabulsky,
2002-Ohio-7275, at ¶ 14. Since we are bound to accept all factual allegations in the complaint as true, we conclude that appellees may be able to prove some set of facts which would warrant recovery against Foote. Accordingly, the trial court did not commit error in denying appellees' motion to dismiss with respect to the claims against Foote, and the matter should proceed to discovery.
 {¶ 30} Regarding the claims of Thomas' parents for loss of consortium, they must necessarily fail with respect to any claims against the Board and survive with respect to the claims against Foote for the same reasons as mentioned above. See Bowen v.Kil-Kare, Inc. (1992), 63 Ohio St.3d 84, 93 (a loss of consortium claim is derivative in that it depends upon a legally cognizable tort upon the party suffering injury).
 {¶ 31} Appellants' second assignment of error is without merit.
 {¶ 32} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed, in part, reversed, in part, and remanded for proceedings consistent with this opinion.
Ford, J., O'Toole, J., concur.
[1] In the complaint, Thomas' parents, Michael and Stephanie Piispanen, filed separate claims on their own behalf against all defendants herein for emotional distress and loss of consortium.
[2] Counts IV, V, VI and VIII of the complaint assert various claims of negligence and intentional tort against Fairport Harbor High School and Foote. "It is well established that both plaintiff and defendant to a lawsuit must be legal entities with the capacity to be sued." Patterson v. VM Auto Body (1992),63 Ohio St.3d 573, 574 (citation omitted). A public high school is not an entity with the capacity to be sued. See Catchings v.Cleveland Pub. Schools (Apr. 1, 1982), 8th Dist. No. 43730, 1982 Ohio App. LEXIS 12149, at *6 n2. Therefore, Fairport Harbor High School is not an entity with the capacity to be sued, and the trial court should treat the High School accordingly.