[Cite as *Rinehart v. Martin*, 2013-Ohio-4966.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| SHERIDAN L. RINEHART, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2013-P-0036** |
| TED MARTIN, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2010 CV 0168.

Judgment: Affirmed.

*Louis R. Bertrand,* 409 South Prospect Street, Ravenna, OH 44266 (For Plaintiff-Appellant).

*James E.J. Ickes* and *Joel A. Holt,* Williams, Welser, Kratcoski & Can, L.L.C., 11 South River Street, Suite A, Kent, OH 44240 (For Defendants-Appellees Ted and Mindi Martin, Grandview Memorial Park, Inc. and Fairview Memorial Park, Inc.).

*William D. Lentz,* Sandvoss & Lentz, 228 West Main Street, P.O. Box 248, Ravenna, OH 44266 (For Defendant-Appellee Portage Community Bank).

COLLEEN MARY O'TOOLE, J.

{¶1} Sheridan L. Rinehart appeals from judgment entries of the Portage County Court of Common Pleas, denying his motion for summary judgment, and granting the motion for judgment on the pleadings of Ted and Mindi Martin, in a contract dispute. We affirm.

{¶2} From 1966 until 2008, appellant Mr. Rinehart was the Chief Operating Officer of Grandview Memorial Park, Inc. (Grandview) a nonprofit corporation organized under the laws of the state of Ohio, operating a public cemetery in Ravenna, Ohio. From 1982 until 2008 Mr. Rinehart was also the Chief Operating Officer of Fairview Memorial Park, Inc. (Fairview) a nonprofit corporation organized under the laws of the state of Ohio, operating a public cemetery in Delaware County, Ohio. In 2006 both properties were listed for sale with the Hoyt Matise real estate brokerage firm.

{¶3} On or about February 11, 2008, Mr. Rinehart purported to sell Grandview and Fairview to Ted and Mindi Martin pursuant to a stock-asset purchase agreement (Agreement 1). Pursuant to Agreement 1, the Martins were to buy the stock and assets of Grandview and Fairview for $110,000.00, payable to Mr. Rinehart and secured by a mortgage security agreement and fixture filing. Despite the fact that Grandview and Fairview are nonprofit corporations, Agreement 1 identifies Mr. Rinehart as "doing business as Grandview Memorial Park and Fairview Memorial Park."

{¶4} According to the Martins, upon assuming control of Grandview and Fairview they discovered the liabilities of the cemeteries far exceeded those disclosed by Mr. Rinehart. The Martins also state that they discovered that Mr. Rinehart was unable to sell the assets of the cemeteries as they were owned by nonprofit entities. The Martins maintain that, in order to resolve these conflicts, they negotiated a second agreement with Mr. Rinehart (Agreement 2) in May 2008. According to the Martins, Agreement 2 terminated Agreement 1 and all liabilities related to the mortgage. Agreement 2 also stated that Mr. Rinehart, as sole shareholder and trustee of Grandview and a trustee of Fairview, appointed the Martins as directors and trustees of

2

both Grandview and Fairview and "assigns to the Martins all right, title and interests that he (Mr. Rinehart) possesses in any capacity to own and operate Grandview and Fairview." Throughout this matter Mr. Rinehart has maintained that he never signed Agreement 2, but did admit during deposition that the signature looks like his.

{¶5} In January 2010 Mr. Rinehart filed a breach of contract complaint in the Portage County Court of Common Pleas seeking to have the court order the Martins to specifically perform the conditions and provisions of Agreement 1, or order the Martins to transfer back to him all stock, accounts receivables and any other assets the Martins received under Agreement 1. Mr. Rinehart's complaint does not reference Agreement 2. In their answer the Martins stated that Mr. Rinehart's claims under Agreement 1 were barred under the terms of Agreement 2, a copy of which they attached to their answer.

{¶6} In January 2011 the Martins filed their first motion for summary judgment, arguing that Agreement 2 superseded Agreement 1 and released the Martins from any and all liabilities under Agreement 1. The Martins also alleged that as Mr. Rinehart sought to profit from the sale of Grandview and Fairview, both nonprofit entities, Agreement 1 was void under R.C. 1702.02(C), 1702.49 and 1721.06.

{¶7} In May 2011 Mr. Rinehart filed his own motion for summary judgment stating that he did not knowingly sign Agreement 2 and that there was no evidence to support the Martins' assertion that Agreement 1 was void, and demanding enforcement of Agreement 1. On July 19, 2011 the trial court denied both parties' motions for summary judgment.

**{¶8}** After taking Mr. Rinehart's deposition and obtaining an expert handwriting analysis, the Martins filed their second motion for summary judgment in February 2012 arguing, among other things, that the evidence showed Mr. Rinehart did sign Agreement 2. Mr. Rinehart filed his opposition to the Martins' second motion in May 2012. On June 12, 2012 the trial court denied the Martins' second motion for summary judgment.

**{¶9}** On June 18, 2012 the Martins filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C), arguing that Mr. Rinehart's attempt to sell the stock and assets of the nonprofit corporations and retain the proceeds rendered Agreement 1 void and unenforceable. Also on June 18, 2012 the Martins filed a counterclaim against Mr. Rinehart for breach of contract and fraud. Mr. Rinehart responded to the motion for judgment on the pleadings arguing that if Agreement 1 was void then the proper relief was to transfer Grandview and Fairview back to him. Otherwise, Mr. Rinehart argued, the Martins would retain control of the properties without due consideration. The Martins responded that by assuming the debts and liabilities of Grandview and Fairview under Agreement 2, they did pay consideration.

**{¶10}** On October 31, 2012, the trial court held that as Agreement 1 attempted the sale of nonprofit corporations for pecuniary gain, it was void ab initio. The trial court then dismissed Mr. Rinehart's complaint. On March 28, 2013 the Martins voluntarily dismissed their counterclaim under Civ.R. 41(A)(1). This appeal timely followed.

**{¶11}** Mr. Rinehart assigns the following errors for our review:

4

{¶12} "[1.] The trial court erred by granting the Defendants-Appellees' motion for judgment on the pleadings pursuant to Civ.R. 12(C).

{¶13} "[2.] The trial court erred by overruling the Plaintiff-Appellant's motion for summary judgment."

{¶14} Mr. Rinehart's first assignment of error involves Civ.R. 12(C), which states that "[a]fter the pleadings are closed but within such times as not to delay the trial, any party may move for judgment on the pleadings." A Civ.R. 12(C) motion "presents only questions of law, and determination of the motion for judgment on the pleadings is restricted solely to the allegations in the pleadings." *Peterson v. Teodosio*, 34 Ohio St.2d 161, 166 (1973). The party defending against the motion is "entitled to have all the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in her favor as true." *Id.* at 165-166.

{¶15} "Because the review of a decision to dismiss a complaint pursuant to Civ.R. 12(C) presents only questions of law, * * * our review is de novo." *Rayess v. Educational Comm. for Foreign Med. Graduates*, 134 Ohio St.3d 509, 2012-Ohio-5676, ¶18.

{¶16} It has long been established that profits may not be distributed to anyone out of the funds of a cemetery corporation. *Newell v. The Cleveland Cemetery Assn.*, 61 Ohio App. 476, paragraph one of the syllabus (8th Dist.1938). The net effect of Agreement 1 is to distribute profits from Grandview and Fairview to Mr. Rinehart. "Courts of law and courts of equity will decline to enforce obligations created by contract if the contract is illegal or the consideration given is illegal, immoral, or against public policy." *Langer v. Langer*, 123 Ohio App.3d 348, 354 (2d Dist. 1997).

5

{¶17} The trial court correctly determined that there was no manner in which the material allegations in his complaint, however construed, could result in judgment in his favor.

{¶18} Mr. Rinehart argues vigorously that if Agreement 1 was illegal and void, then the trial court should have applied the equitable remedy of rescission, and returned Grandview and Fairview to him. In his merit brief, Mr. Rinehart cited no authority to us establishing that rescission is applicable to this situation, but October 17, 2013, he filed supplemental authority, that being this court's decision in *Dahlstrom v. Roulette Pontiac-Cadillac GMC, Inc.*, 11th Dist. Lake No. 9-182, 1983 Ohio App. LEXIS 15118 (June 24, 1983). In that case, Ms. Dahlstrom signed two contracts with Roulette, to purchase two cars, financing part of the deal with a trade-in of her old car. *Id.* at *1. Several days later, she returned to Roulette, demanding that the contracts be cancelled, and her old car returned to her. She stated she had been drunk when signing the contracts, and lacked capacity to enter them. *Id.* at *2. Roulette refused to return her old car (which it later sold), or to rescind the contracts. *Id.*

{¶19} The matter went to jury trial. The jury awarded Ms. Dahlstrom $5,000, and Roulette, $1,000, on a counterclaim. Roulette appealed. *Id.* It argued that Ms. Dahlstrom failed to establish that she lacked capacity to enter the contracts due to intoxication, and that she also failed to establish that rescission was required by the necessary evidentiary standard. *Id.* at *3-4. This court affirmed the judgment of the trial court. *Id.* at *5.

6

{¶20} Mr. Rinehart argues that *Dahlstrom* establishes that rescission may be an appropriate remedy, even when dealing with a contract that is void ab initio. Assuming, *arguendo*, that this is correct, does not help in this particular situation. When the trial court granted the Martins' motion for judgment on the pleadings, their counterclaim remained pending. The time had not yet arrived for application of a remedy. Thereafter, the Martins voluntarily dismissed their counterclaim, which meant nothing remained before the trial court to decide.

{¶21} The first assignment of error lacks merit.

{¶22} In his second assignment of error Mr. Rinehart states that the trial court erred by overruling his motion for summary judgment. Mr. Rinehart filed his motion along with his memorandum in opposition to the Martins' motion for summary judgment. In his motion, Mr. Rinehart sought summary judgment on the mortgage security agreement that was part of Agreement 1.

{¶23} "Summary judgment is a procedural tool that terminates litigation and thus should be entered with circumspection. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66, * * * (1993). Summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See e.g.* Civ.R. 56(C).

{¶24} "When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 121, * * * (1980). Rather, all doubts and questions

7

must be resolved in the non-moving party's favor. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359, * * * (1992). Hence, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn. *Pierson v. Norfork Southern Corp.*, 11th Dist. Ashtabula No. 2002-A-0061, 2003-Ohio-6682, ¶36. In short, the central issue on summary judgment is, 'whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-252, * * * (1986).  On appeal, we review a trial court's entry of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102,105, * * * (1996).  (Parallel citations omitted.)  *Meloy v. Circle K Store*, 11th Dist. Portage No. 2012-P-0158, 2013-Ohio-2837, ¶5-6.

{¶25} Mr. Rinehart argues that the trial court erred in overruling his motion for summary judgment because Agreement 2 did not comply with R.C. 5301.01 and was therefore void.  However, Mr. Rinehart's own motion for summary judgment was directed to enforcement of the mortgage security agreement which was part of Agreement 1.  We have already determined that the trial court correctly found Agreement 1 to be illegal and void.  Consequently, the trial court did not err in failing to enforce the unenforceable rights under the mortgage security agreement forming part of Agreement 1.

{¶26} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Portage County Court of Common Pleas is affirmed. It is the further order of this court that appellant is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.

DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.