[Cite as *Jirousek v. Sladek*, 2020-Ohio-5382.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| THOMAS JIROUSEK, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2020-G-0246** |
| BRIAN SLADEK, | : | |
| Defendant, | : | |
| UNC'S PATIO LOUNGE, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 2019 P 000210.

Judgment: Affirmed.

*Evan T. Byron,* Kaufman, Drozdowski & Grendell, LLC, 29525 Chagrin Boulevard, Suite 250, Pepper Pike, OH 44124 (For Plaintiff-Appellant).

*Holly Marie Wilson* and *Aaren Rebekah Host,* Reminger Co., LPA, 101 West Prospect Avenue, Suite 1400, Cleveland, OH 44115 (For Defendants-Appellees).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Thomas Jirousek, appeals the June 6, 2019 order of the Geauga County Court of Common Pleas dismissing, inter alia, appellant's negligence claim against appellees, Unc's Patio Lounge ("Unc's") and its owner, Albert Mendel. For the reasons discussed herein, the order is affirmed.

{¶2} The facts pertinent to this appeal, as alleged in the complaint, are as follows: On March 24, 2017, appellant entered Unc's patio through the door in the patio fence at the rear of the building around 4:00 p.m. and brought a case of beer with him. One of the bartenders noted that he didn't purchase any drinks, but observed appellant drink at least six beers before leaving around 8:30 p.m. She did not do anything to stop him or take any action to remove him from the premises.

{¶3} Appellant left Unc's on foot about an hour after the sun had set and was seen by several motorists walking east in the middle of the street in a somewhat disorientated state; he has little memory of that evening. As appellant was walking in the street, appellant was struck by a vehicle causing appellant to incur, inter alia, traumatic brain injuries, multiple fractures, and internal bleeding, all of which required extensive treatment and long-term care.

{¶4} Appellant filed a three-count complaint against the motorist and Unc's. The motorist and appellant settled Count One. Counts Two and Three were a Dram Shop Act Liability claim and a negligence claim, respectively, against Unc's and Mr. Mendel (collectively, "appellees"). Appellant, in his complaint, argued that bringing in outside alcohol was a common occurrence at Unc's that the bar was aware of and allowed, and that by allowing it, Unc's assumed certain legal duties and responsibilities. However, the court, in the order here appealed, granted Unc's Civ.R. 12(B)(6) motion to dismiss the two remaining counts, citing *Smith v. The 10th Inning, Inc.,* 49 Ohio St.3d 289 (1990). Appellant now appeals, assigning one error for our review on appeal, which states:

> {¶5} The trial court committed reversible error in granting Appellees' motion to dismiss on Count 3 of Appellant's Complaint.

2

{¶6} "'An appellate court's standard of review for a trial court's actions regarding a motion to dismiss is de novo.'" *Bliss v. Chandler*, 11th Dist. Geauga No. 2006-G-2742, 2007-Ohio-6161, ¶91, quoting *State ex rel. Malloy v. Girard*, 11th Dist. Trumbull No. 2006-T-0019, 2007-Ohio-338, ¶8.

{¶7} "The '"[d]ismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in [the nonmoving] party's favor, it appears beyond doubt that [the nonmoving] party can prove no set of facts warranting relief."'" *Hoffman v. Fraser*, 11th Dist. Geauga No. 2010-G-2975, 2011-Ohio-2200, ¶21, quoting *Bliss, supra*, at ¶92, quoting *Malloy, supra,* at ¶9. "Accepting all factual allegations as true, a complaint should not be dismissed unless it appears beyond doubt from the face of the complaint that the plaintiff can prove no set of facts warranting recovery." *Piispanen v. Carter*, 11th Dist. Lake No. 2005-L-133, 2006-Ohio-2382, ¶11 citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), at the syllabus. "Accordingly, 'as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.'" *Piispanen, supra,* quoting *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991).

{¶8} It is well established in this and other districts across Ohio that the Dram Shop Act provides the exclusive remedy against liquor permit holders for the negligent acts of intoxicated patrons. *Studer v. Veterans of Foreign Wars Post 3767*, 185 Ohio App.3d 691, 2009-Ohio-7002 (11th Dist.); *Smith v. S.P. Greenville Inn, L.L.C.,* 11th Dist. Geauga No. 2014-G-3184, 2014-Ohio-4311; *Stillwell v. Johnson*, 76 Ohio App.3d 684

3

(1st Dist.1991); *Cummins v. Rubio*, 87 Ohio App.3d 516, 518 (2d Dist.1993); *Aubin v. Metzger*, 3d Dist. Allen No. 1-03-08, 2003-Ohio-5130; *Litteral v. The Ole Menagerie*, 4th Dist. Lawrence No. 95CA33, 1996 WL 511656 (Sept. 4, 1996); *Brown v. Hyatt-Allen Am. Post No. 538,* 6th Dist. Lucas No. L-89-336, 1990 WL 174317 (Nov. 9, 1990).

{¶9} Furthermore, in *10th Inning,* the Supreme Court of Ohio held that, "[a]n intoxicated patron has no cause of action against a liquor permit holder under R.C. 4301.22(B) where the injury, death or property damage sustained by the intoxicated patron off the premises of the permit holder was proximately caused by the patron's own intoxication." *Id.* at paragraph one of the syllabus. It went on to note that:

> {¶10} one of the strongest reasons compelling rejection of such a cause of action by the intoxicated patron against the permit holder is one grounded firmly in commonsense public policy; namely, that an adult who is permitted to drink alcohol must be the one who is primarily responsible for his or her own behavior and resulting voluntary actions. Clearly, permitting the intoxicated patron a cause of action in this context would simply send the wrong message to all our citizens, because such a message would essentially state that a patron who has purchased alcoholic beverages from a permit holder may drink such alcohol with unbridled, unfettered impunity and with full knowledge that the permit holder will be ultimately responsible for any harm caused by the patron's intoxication. In our opinion, such a message should never be countenanced by this court. *10th Inning, supra,* at 291-292.

{¶11} Nevertheless, while appellant concedes the court was proper in dismissing the Dram Shop Act count, he argues that appellees assumed a duty to ensure that patrons who brought in outside alcohol did so safely and that they were not a danger to themselves or others whether on or off the premises. He argues that while established case law generally favors not holding liquor-permit holders liable to patrons who are injured as a result of their own intoxication, there are "attendant circumstances" in this case that make it improper to dismiss this cause of action, to wit: that Unc's had a

4

"pattern and practice of knowingly allowing patrons to bring in and consume outside alcoholic beverages on their premises" and by engaging in this practice "created and/or assumed a duty to ensure that such consumption by their patrons was done so safely and that it did not proximately cause any injury or damage to their patrons and/or the general public."

{¶12} In support, appellant cites two cases. He first cites the Findings of Fact and Conclusions of Law entered by the Cuyahoga County Court of Common Pleas in *Snyder v. Vargas*, Cuyahoga County Court of Common Pleas, No. CV-15-83957 (Sept. 28, 2016). The second is *Mid-Continent Ins. Co. v. Coder,* 563 Fed. Appx. 422 (6th Circ.2014).

{¶13} Preliminarily, we note that as a case from a trial court located in the Eighth District Court of Appeals' jurisdiction, *Snyder* is not binding authority on this court. Neither do we find it persuasive. First, in *Snyder,* the liquor license holder admitted it had an obligation or duty to prevent noticeably intoxicated patrons from driving under the influence. No such concession was made here.

{¶14} Second, it does not appear from our research that Eighth District Court of Appeals has expressly found the Dram Shop Act to be the exclusive remedy for those injured by the actions of intoxicated persons. In *Snyder,* the Cuyahoga County Court of Common Pleas "recogniz[ed] the existence of an additional common law duty and valid negligence claim" beyond that provided by the Dram Shop Act. *Id.* In support of its finding of this additional common law duty, the trial court cited, inter alia, *Prince v. Buckeye Union Ins. Co.,* 5th Dist. Richmond No. 92-CA-6, 1992 WL 362578 (Dec. 2, 1992), and *Auto-Owners Ins. Co. v. JC KC, Inc.,* 9th Dist. Summit No. 18937, 1998 WL

5

766695 (Nov. 4, 1998). However, this court has expressly rejected this argument in *Greenville Inn, supra.* In so doing, this court stated:

> {¶15} Appellant's reliance on *Prince* and *Auto-Owners*, however, is misplaced. Both *Prince* and *Auto-Owners* involved actions by insurance companies to determine whether an exclusion clause could be utilized to deny the insured legal representation. *Prince* at \*3; *Auto-Owners* at \*10. Further, both cases are factually distinguishable, as the establishments in *Prince* and *Auto-Owners* took affirmative actions that enabled visibly intoxicated individuals to engage in behavior where harm to either the intoxicated individual or a third-party was foreseeable. *Id.* at \*8.

{¶16} The same distinctions are present here. This court in *Greenville Inn* went on to reiterate that this and other courts of appeals in Ohio have held that "any recovery against a liquor permit holder for injuries caused by an intoxicated patron must be via a claim under R.C. 4399.18." *Id.* Accordingly, as this court has already rejected the argument made in *Snyder* and distinguished the cases upon which *Snyder* relies, we do not find it persuasive.

{¶17} Nor do we find *Coder* persuasive. While the case underlying *Coder* involved similar facts to the case at bar, *Coder* involved an action by an insurance company in federal court to determine whether it had a duty to defend or indemnify its insured, a tavern that allegedly ejected an intoxicated patron who was subsequently struck and killed while walking home along a rural highway.

{¶18} The insurance company claimed that because the underlying complaint amounted to no more than a Dram Shop Act violation, a category of liability explicitly excluded by the plain language of the insurance policy, it had no duty to defend or indemnify its insured. The "case boils down to a single inquiry: did the complaint in the Court of Common Pleas allege a cause of action that 'potentially or arguably falls within the liability insurance coverage?'" *Coder, supra,* at 425. The underlying cause of action

6

"consisted of allegations that the defendants 'possessed a liquor license,' that the defendants 'negligently forced Plaintiff's decedent to leave the bar,' that the defendants were, 'in violation of the Ohio Dram Shop statute,' and that the defendants, 'knew or should have known that they were placing the Plaintiff's decedent in great harm, yet recklessly disregarded the harm….'" *Id.* at 426.

{¶19} The Sixth Circuit ultimately determined that this count of the underlying complaint need not be so narrowly construed as to be either a Dram Shop cause of action or a negligence cause of action but could have been both. It therefore reversed the grant of summary judgment finding there was a cause of action that potentially falls within the liability insurance coverage. The court's determination was based not on a finding that Ohio recognizes such a common-law negligence claim, but that "Ohio's procedural rules permit 'alternative or hypothetical pleadings, or even the use of inconsistent claims.'" (Citations omitted.) *Id.* at 427. Indeed, the concurring opinion in *Coder* noted that Ohio's Dram Shop Act:

{¶20} *precludes* any other cause of action against such a permit holder for death or injury that occurs as a result of actions of an intoxicated person to whom the permit holder had sold liquor. [R.C.] 4399.18. * * * This might well state a common law cause of action for negligence were it not for the statutory preclusion of liability for death or injury that occurs as a result of an intoxicated person and off the liquor permit holder's premises, owned by a liquor permit holder who sold beer or liquor to that intoxicated person. In light of that statutory preclusion, liability in this situation can only be obtained through the cause of action provided by the Dram Shop Act, and such claims are excluded by the insurance policy. * * * [However,] it is possible for certain common law claims to fall within the liability insurance coverage yet still be precluded by the Dram Shop Act-as is the case here, where the alleged negligent act was ejecting an intoxicated person to whom the Inn had served liquor (and thus the claim is precluded by the Dram Shop Act), but because the alleged negligence was not causing a person's intoxication itself or furnishing alcohol to an intoxicated person, the

claim is not covered by the policy's liquor liability exclusion."
(Emphasis original.)  *Id.* at 428-429. (Rogers, J., concurring).

{¶21} As *Coder* did not directly address the issue at hand, and indeed, the concurring opinion contradicts appellant's own argument, we do not find it applicable to the case at bar.

{¶22} As appellant has, admittedly, no Dram Shop cause of action, and this district has established the Dram Shop as the exclusive remedy against liquor permit holders for the negligent acts of intoxicated patrons, appellant may not maintain a negligence action against appellees based on the facts as pleaded.  Accordingly, the trial court did not err in granting appellees' motion to dismiss. Appellant's sole assignment of error is without merit.

{¶23}  In light of the foregoing, the order of the Geauga County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, J.,

MARY JANE TRAPP, J.,

concur.

8