[Cite as *Hoeflinger v. AM Mart, L.L.C.*, 2017-Ohio-7530.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Cynthia Burroughs Hoeflinger, etc., et al      Court of Appeals No. L-16-1124

      Appellants      Trial Court No. CI0201501329

v.

AM Mart, LLC d/b/a Foxx Liquor Store,
et al.      **DECISION AND JUDGMENT**

      Appellees      Decided:  September 8, 2017

* * * * *

Donato Iorio and Edward J. Stechschulte, for appellants.

Thomas E. Dover, Colleen A. Mountcastle, and Markus E. Apelis, for appellees.

* * * * *

**OSOWIK, J.**

### Introduction

**{¶ 1}** This case presents multiple negligence and wrongful death claims for

alleged violations of Ohio's Dramshop Act, R.C. 4399.18 and 4301.69.  The decedent,

Brian N. Hoeflinger, aged 18, died as a result of a single car accident. He was intoxicated at the time, having just left a private party where he consumed alcohol.

{¶ 2} Hoeflinger's parents, Cynthia Burroughs Hoeflinger, individually and as the administrator of her son's estate, and Brian F. Hoeflinger, are the plaintiff-appellants herein. They brought suit against multiple defendants, including the liquor store that sold the alcohol and the hosts of the party.

{¶ 3} The Lucas County Court of Common Pleas granted the defendant-appellees' motions for judgment on the pleadings. The court found that because Hoeflinger was an adult, whose death was self-inflicted, the appellants could not state a cause of action under the Dramshop Act. For the reasons that follow, we affirm.

## Facts and Procedural History

{¶ 4} The events giving rise to this case occurred on February 1, 2013. Hoeflinger and two friends, Blake Pappas, aged 17, and Michael Geiger, aged 18, went to Foxx Liquor Store in Toledo, Ohio, sometime in the afternoon. The three pooled their money, which Pappas used to buy a 1.75 liter bottle of vodka.

{¶ 5} Pappas was not asked to present any identification to demonstrate he was old enough to purchase alcohol. Appellants allege that Pappas was a known customer to Foxx, having bought alcohol there before. Appellants further allege that it was Foxx's practice not to require its customers to produce a valid identification to purchase alcohol if that customer was known to Foxx's employees.

2.

{¶ 6} According to the complaint, Hoeflinger and Geiger "consumed a small amount of the vodka at the Hoeflinger residence." Later, they went to a high school basketball game. Afterward, they rejoined Pappas, and at around 10 p.m., the three of them went to the home of John and Lisa Crider, where there was a party for the Crider's teenaged daughter. Hoeflinger carried the vodka inside the house and into the basement. The three (Hoeflinger, Pappas, and Geiger) then consumed the vodka.

{¶ 7} Appellants allege that the Criders socialized with the kids during the party and were aware that "underage" high school students were drinking in their home. Appellants claim that the Criders had hosted such parties before that evening.

{¶ 8} During the party, some of the party-goers teased Hoeflinger, who was, by then, intoxicated. Hoeflinger became upset and attempted to leave the party. Several friends attempted to stop him, but he eventually did leave in his car, at approximately 11:45 p.m.

{¶ 9} At 11:54 p.m., an Ottawa Hills Police Officer came upon Hoeflinger's vehicle in a wooded area off the road. Hoeflinger's vehicle had struck a tree and was on fire. The officer extricated Hoeflinger from the car before it was engulfed in flames. He was pronounced dead at the hospital at 1:00 a.m., February 2, 2013, due to multiple blunt force injuries. Hoeflinger's alcohol intoxication level, .15 percent w/v, was found to be a significant factor in the accident.

{¶ 10} Appellants filed a 15 count complaint on January 30, 2015, against AmMart, LLC, d/b/a/ Foxx Liquor Store, Martin Yousif, Andi Jarbon, Nicholas

3.

Thompson (hereinafter collectively referred to as the "liquor store defendants"); Lisa and John Crider; Door Plaza, Inc., Blake Pappas, and Michael Geiger.[1] Door Plaza Inc., Pappas, and Geiger were voluntarily dismissed from the action by appellants and are not parties to the appeal.

{¶ 11} The liquor store defendants and the Criders independently moved for judgment on the pleadings, and the trial court granted their respective motions. The trial court found that neither was liable for Hoeflinger's death because Hoeflinger was an adult at the time, whose death resulted from his own intoxication.

{¶ 12} On appeal, appellants argue that the decision conflicts with R.C. 4399.18's unambiguous language and arises from wrongly-decided case authority construing the statute. Appellants ask this court to ignore clearly applicable precedent, as established by the Ohio Supreme Court. They raise three assignments of error for our review.

> 1. The trial court improperly interpreted and applied Ohio's Dram Shop Act in granting judgment on the pleadings to the Liquor Store Defendants.

> 2. The trial court improperly considered and applied basic public policy in granting judgment on the pleadings.

---

[1] Foxx's insurer, Peerless Indemnity Insurance Company, and Yousif's insurer, Grange Insurance Company of Michigan, both intervened in the action, and both filed unopposed motions for summary judgment. The trial court granted those motions, dismissing each from the case, from which no appeal was taken.

4.

3.  The trial court improperly interpreted and applied Ohio's Dram Shop Act in granting judgment on the pleadings to John and Lisa Crider.

**Standard of Review**

**{¶ 13}** Civ.R. 12(C) provides that any party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial."

**{¶ 14}** In ruling on the motion, a court is permitted to consider both the complaint and the answer.  S*tate ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569, 664 N.E.2d 931 (1996).

Civ.R. 12(C) motions are specifically for resolving questions of law[.]  Under Civ. R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief.  Thus, Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law.  (Citations omitted)  *Id.* at 569-570.

**{¶ 15}** Because a Civ.R. 12(C) motion tests the legal basis for the claims asserted in a complaint, our standard of review is de novo.  *Id*. at 570.  De novo review means that this court conducts an "independent review of the trial court's decision without any

deference to the trial court's determination." *State ex rel. AFSCME v. Taft,* 156 Ohio App.3d 37, 2004-Ohio-493, 804 N.E.2d 88, ¶ 27 (3rd Dist.).

{¶ 16} With the above in mind, we turn to the statute under which appellants seek relief against the liquor store defendants.

### Ohio's Dramshop Act

{¶ 17} "Historically, common law in Ohio prohibited a cause of action against a liquor permit holder for injury caused by an intoxicated person." *Lesnau v. Andate Ents, Inc.*, 93 Ohio St.3d 467, 468, 756 N.E.2d 97 (2001). The law presumed that the proximate cause of injury was the consumption of the alcohol, not the sale. *Brown v. Hyatt-Allen Am. Legion Post No. 538*, 6th Dist. Lucas No. L-89-336, 1990 Ohio App. LEXIS 4886, *3 (Nov. 9, 1990).

{¶ 18} Ohio's Dramshop Act, R.C. 4399.18, entitled "Limitations on liability for acts of intoxicated person," codified a narrow exception to the general rule of prohibiting liability. The Act states, in pertinent part,

> A person has a cause of action against a permit holder or an employee of a permit holder for * * * death * * * caused by the negligent actions of an intoxicated person occurring off the premises * * * *only when both* of the following can be shown by a preponderance of the evidence:
>
> (A) The permit holder or an employee of the permit holder knowingly sold an intoxicating beverage to at least one of the following:
>
> (1) A noticeably intoxicated person in violation of division (B) of section

4301.22 of the Revised Code; (2) A person in violation of section 4301.69 of the Revised Code.

(B) The person's intoxication proximately caused the personal injury, death, or property damage. (Emphasis added.)

{¶ 19} R.C. 4399.18 provides the exclusive remedy against liquor permit holders for the negligent acts of intoxicated patrons. *Cummins v. Rubio*, 87 Ohio App.3d 516, 521, 622 N.E.2d 700 (2d Dist.1993).

{¶ 20} Also, R.C. 4301.69, one of the statutes referenced within the Dramshop Act, pertains to "Offenses involving underage persons." It provides, in part, that "no person shall sell beer or intoxicating liquor to an underage person," and it defines "underage person" as a "person under the age of twenty-one years." R.C. 4301.69(A) and (H)(5).

### Appellants' claims against the liquor store defendants

{¶ 21} Appellants' first two assignments of error pertain to the liquor store defendants. In the first, they claim that the trial court erred in "adhering" to Supreme Court of Ohio decisions that were "wrongly decided." In the second, they argue that the trial court improperly considered and applied public policy. Appellants frame the issue before the court as follows:

This is an appeal of the Trial Court's opinion that "R.C. 4399.18, as construed by the Ohio Supreme Court and numerous Ohio appellate courts, simply does not provide a cause of action to an *underage person*."

7.

[Emphasis in original.]  Appellants' Brief at 8 quoting Trial Court's

January 22, 2016 Judgment Entry at 6.

**{¶ 22}** Appellants omit a significant portion of the trial court's decision.  In so doing, they suggest that the courts have construed the statute so as to grant claims to adults but deny them to underage adults.  That is not the case.

**{¶ 23}** The trial court's complete statement is quoted below, with the portion omitted by appellants shown in italics:

R.C. 4399.18, as construed by the Ohio Supreme Court and numerous Ohio appellate courts, simply does not provide a cause of action to an underage person *whose own intoxication proximately caused his death, such as [Hoeflinger], or his representatives*.  (Emphasis added).

**{¶ 24}** Likewise, when citing the statute, appellants refer only to R.C. 4199.18(A).  They ignore the second element of plaintiff's prima facie case regarding proximate cause.  That is, a claim under the Dramshop Act requires a showing not only that a permit holder or employee sold intoxicating beverages to a noticeably intoxicated person/underage person but also that "[t]he person's intoxication proximately caused the personal injury, death, or property damage."  R.C. 4399.18(B).

**{¶ 25}** Indeed, the trial court concluded that appellants' claims failed under the second element.  It held that the Dramshop Act and the cases construing it "unequivocally preclude a voluntarily intoxicated, underage adult or his representatives

8.

from recovering against liquor permit holders or their employees for self-inflicted injuries or death due to intoxication." Trial Court's Jan. 22, 2016 Judgment Entry at 5.

{¶ 26} The trial court relied primarily upon two Ohio Supreme Court decisions, *Smith v. 10th Inning*, Inc., 49 Ohio St.3d 289, 551 N.E.2d 1296 (1990) and *Klever v. Canton Sachsenheim, Inc.,* 86 Ohio St.3d 419, 715 N.E.2d 536 (1999). Appellants ask this intermediate court to ignore them on the basis that they were "wrongly decided" and because they reflect bad public policy. First, we review the holdings of those cases.

{¶ 27} *Smith* involved an adult who brought suit against a tavern owner, after he was injured while driving home. The plaintiff alleged that the tavern employees should have known that he was intoxicated but continued to serve him anyway, and that his intoxication was the proximate cause of the injury-inducing car accident. The court rejected the claim. It held,

> An intoxicated person has no cause of action against a liquor permit holder under R.C. 4301.22(B) where the injury, death or property damage sustained by the intoxicated person off the premises of the permit holder was proximately *caused by the patron's own intoxication*." (Emphasis added.) *Id.* at syllabus.

{¶ 28} The events giving rise to the case in *Smith* occurred before passage of the Dramshop Act. The issue there was whether the patron had a cause of action under R.C. 4301.22(B) which applies to liquor permit holders and provides that "No sales shall be made to an intoxicated persons."

9.

**{¶ 29}** The *Smith* court based its judgment on public policy considerations. It reasoned,

> By denying the intoxicated patron the right of recourse from the only other person arguably responsible for the patron's intoxication (i.e. the permit holder), this court reiterates the basic common sense notion that responsibility for one's voluntary liquor consumption should be one's own, since it reflects basic public policy considerations. As between the patron and the permit holder, we believe that the patron is in the best position to prevent intoxication before it occurs and, therefore, we find that the patron should, in this context, be denied a cause of action to recompense his or her own drunken behavior. In sum, we find that the intoxicated patron is not the type of "innocent party" who was intended to be protected under R.C. 4301.22(B). *Id.* at 292.

**{¶ 30}** Nine years later, after passage of the Dramshop Act, the court revisited the issue of self-inflicted injuries by intoxicated adults, albeit underage adults. *Klever v. Canton Sachsenheim, Inc.,* 86 Ohio St.3d 419, 715 N.E.2d 536 (1999). The facts of *Klever* are, sadly, similar to those in the instant case. There, a 19 year old attended a wedding reception at a club, drank alcohol, and died on his way home when he crashed his vehicle. The decedent's mother sued the club's owner, alleging that the clubs' employees failed to verify his age before serving him. The court framed the issue as "whether the *Smith* bar to recovery applies where the intoxicated patron has not attained

the legal drinking age (twenty-one) but has attained the age of majority (18)." The court held,

> In Ohio there is no cause of action against a liquor permit holder by a voluntarily intoxicated patron (or his representative) who is "underage" pursuant to R.C. 4301.22(A)(1) and 4301.69, but who has attained the age of majority, for self-inflicted injury (or death) due to being intoxicated. See R.C. 3109.01. *Id.* at syllabus.

{¶ 31} The court found that the underage adult who is served alcohol by a liquor permit holder was "legally indistinguishable" from the adult in *Smith.* *Id.* at 420.

{¶ 32} Unlike the public policy expressed in *Smith,* the court in *Klever* premised its judgment on the express language of the statute. The court explained,

> The phrasing and structure of R.C. 4399.18 do not countenance a reading that allows the contemplated "intoxicated person" (the person causing the injury) to be one and the same with the contemplated injured "person" (the person with the authorized cause of action). Specifically, the statutory language envisions that the injured person and the intoxicated person be two *different* persons. * * * [Therefore], Jeffery Klever cannot be said to have suffered death as a result of the actions of an intoxicated person and, therefore, [his mother] cannot be the administrator of a person who suffered death as a result of the actions of an intoxicated person. She

is, rather, the administrator of a person who suffered death as a result of *his own actions*. The statute simply cannot be construed as providing a cause of action to the "intoxicated person" himself, and thus, it cannot provide a derivative cause of action to its legal representative. *Id*.at 421-422.

{¶ 33} Thus, appellants' legal argument - that they repeat throughout their memoranda - that "ORC 4399.18 was intended to impose liability on a permit holder for selling to someone underage" is inaccurate. Yes, the statute imposes liability for the illegal sale to an underage person (R.C. 4399.18(A)(2)) but only if that person proximately causes harm (R.C. 4399.18(B) and only if the harm is to a third party, not oneself (*Smith/Klever*). Appellants simply refuse to acknowledge the basis upon which their claims fail.

{¶ 34} Moroever, despite the clear applicability and controlling nature of *Smith* and *Klever,* appellants urge this court to ignore them. Appellants argue that those cases were "wrongly decided due to [the courts'] replacement of the unambiguous statutory term 'underage', with 'minor' - - a term narrower in scope." Appellants insist that this case turns on the "judicial reduction of the statutory age from 20 to 18 (See *Smith* et. al.) [that] was an interpretation contrary to the plain language of the statute and a violation of the separation-of-powers doctrine [that] must be reversed."

{¶ 35} We disagree with appellants' characterization of these cases. Age was not a factor in *Smith,* in that the intoxicated driver who injured himself was an adult, not underage. In *Klever,* the decedent was 19. His estate argued that the *Smith* bar to

12.

recovery ought not to apply because, as an underage person, he was not capable of making a legal decision to become voluntarily intoxicated. The court expressly rejected that the General Assembly "meant to protect the underage adult drinker with the Dramshop Act." *Id.* at 422. Instead, it found,

> [W]e believe that to place persons between the ages of eighteen and twenty-one within a protected class for Dramshop liability purposes would be "inconsistent with the expression of legislative intent to treat those within [the] age bracket of eighteen to twenty years as responsible adults in all other respects." *Id.* at 423 quoting *Winters v. Silver Fox Bar,* 71 Haw. 524, 797 P.2d 51 (1990).

{¶ 36} Appellants devote much of their argument urging the court that because *Smith* and *Klever* were "wrongly decided" that we are not bound by stare decises.

{¶ 37} Pursuant the doctrine of stare decisis, this court is bound to follow a decision of the Supreme Court of Ohio. *State v. Abuhashish*, 6th Dist. Wood No. WD-07-048, 2008-Ohio-3849, ¶ 42. Moreover, although a prior decision of the supreme court may be overruled under limited circumstances, the authority to examine previous decisions is vested in "a supreme court," not lower courts. *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 43 ("[A] supreme court not only has the right, but is entrusted with the duty to examine its former decisions and, when reconciliation is impossible, to discard its former errors.").

13.

{¶ 38} In sum, we reject appellants' argument that the Ohio Supreme Court "judicially reduced" the statutory age from 20 to 18. The holding of *Klever* is applicable on its facts, and the law compels dismissal of appellants' claims against the liquor store defendants. Even if we were inclined to ignore it, which we are not, we have no authority to do so.

{¶ 39} A second basis compels dismissal of appellants' claims against the liquor store defendants. Under the express terms of R.C. 4399.18, the purchaser of alcohol and the harm-doer must be the same person. That is, the statute allows a claim against a liquor permit holder/its employees for injuries that occur off the premises when they knowingly sell to a noticeably intoxicated/underage person and "the person's intoxication proximately caused the personal injury, death, or property damage." R.C. 4399.18(B).[2]

{¶ 40} According to the complaint, the purchaser of the alcohol was Pappas. Because the purchaser (Pappas) and the intoxicated person who caused the harm (Hoeflinger) are not the same person, appellants cannot recover against the liquor store defendants. The result might be different, assuming other facts, if the liquor store defendants sold to Pappas and Pappas became intoxicated, drove, and injured Hoeflinger. Alternatively, if the liquor store defendants sold to Hoeflinger and Hoeflinger caused

---

[2] Appellants state, incorrectly, that the liquor store defendants "never raised the argument in the trial court and [may not raise it] for the first time on appeal." *See* liquor store defendants' motion for judgment on the pleadings with memorandum in support at 5.

14.

harm to a third party, then the third party could seek relief under the statute.  Those are not the facts of this case.  Because this case does not present a situation where the underage person who purchased the alcohol, and the intoxicated person who caused harm, are the same person, appellants can prove no set of facts that would entitle them to recover against the liquor store defendants, as a matter of law.

{¶ 41} In sum, even construing all facts in appellants' favor, because Hoeflinger was neither a purchaser, nor an innocent third party, appellants can prove no set of facts that would entitle them to relief against the liquor store defendants and the liquor store defendants are entitled to judgment as a matter of law.  Appellants' first and second assignments of error are not well-taken.

### Appellants' negligence claims against the social hosts

{¶ 42} In their third assignment of error, appellants assert that the trial court erred in granting the Crider's motion for judgment on the pleadings.

{¶ 43} Appellants claim that, on the night of February 1, 2013, the Criders knew that underage persons, including Hoeflinger, "possessed and consumed beer or liquor" while in their home.  Appellants assert that the Criders were negligent and negligent per se in violating R.C. 4301.69(B) and that the Crider's negligence proximately caused Hoeflinger's death.  The Criders did not file a brief in support of the trial court's judgment.

15.

**{¶ 44}** R.C. 4301.69(B) provides that, "[n]o person who is the owner or occupant of any public or private place shall knowingly allow any underage person to remain in or on the place while possessing or consuming beer or intoxicating liquor."

**{¶ 45}** The statute creates a duty on the part of a social host to refrain from serving alcohol or intoxicating liquors to an underage person. *Wesley v. Walraven*, 4th Dist. Washington No. 12CA18, 2013-Ohio-473, ¶ 41 citing *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 114, 526 N.E.2d 798 (1988).

**{¶ 46}** Appellants state that "the trial court improperly found that the Criders were entitled to judgment on the pleadings because [Hoeflinger] was eighteen years old at the time of his death." Again, appellants misstate the basis for the trial court's judgment.

**{¶ 47}** To establish actionable negligence, appellants must show that the Criders owed Hoeflinger a duty. *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989). As a matter of law, however, "an individual * * * generally owes no duty to protect a voluntarily intoxicated underage adult from his own negligent activity." *Gonzalez v. Posner*, 6th Dist. Fulton No. F-09-017, 2010-Ohio-2117, ¶ 15, citing *Klever* at 422.

**{¶ 48}** *Gonzalez* involved another case of an intoxicated, underage adult who died in a single car accident. The decedent had been at a house party, where he was served intoxicating beverages and then "ordered to leave the home by car." *Id.* at ¶ 7. The decedent's mother argued that the hosts did more than simply fail to protect her son from

16.

his own negligent drinking and driving. She argued that, because they forced him to leave the premises while intoxicated, his actions could not be deemed voluntary and hence his death was not self-inflicted.

{¶ 49} First, we rejected that the facts, as alleged, could support a reasonable inference that the decedent's drinking alcohol and operation of his car were "involuntary." Accordingly, we found that the mother failed to state a cause of action entitling her to relief against the social hosts because "no cause of action exists against social hosts who [provide] intoxicating beverages to an underage adult who suffered self-inflicted injury or death due to his intoxication." *Id.* at ¶ 20, citing *Kirchner v. Shooters on the Water, Inc.*, 167 Ohio App.3d 708, 2006-Ohio-3583, 856 N.E.2d 1026, ¶ 64 (8th Dist.).

{¶ 50} In *Kirchner,* the court determined that the rule precluding recovery against permit holders by intoxicated persons for self-inflicted harm also applied to social hosts, including those who serve alcohol to underage adults. *Id.* at ¶ 20; *accord Gwin v. Phi Gamma Delta Fraternity,* 8th Dist. Cuyahoga No. 71694, 1997 Ohio App. LEXIS 4658 (Oct. 16, 1997).

{¶ 51} In sum, the self-inflicted nature of Hoeflinger's death precludes not only his statutory claims against the liquor store defendants but also his negligence claims against the Criders.

17.

{¶ 52} For the above reasons, this court finds that appellants can prove no set of facts that would entitle them to relief and that the Criders are entitled to judgment as a matter of law. Appellants' third assignment of error is not well-taken.

{¶ 53} Therefore, we affirm the judgment of the trial court to grant the liquor store defendants' and the Criders' respective motions for judgment on the pleadings. Pursuant to App.R. 24, costs are assessed to appellants.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                        _____
JUDGE

Thomas J. Osowik, J.

_____
James D. Jensen, P.J.                     JUDGE
CONCUR.

_____
JUDGE