[Cite as *Gaither v. Kelleys Island Local School Dist. Bd. of Edn.*, 2023-Ohio-1299.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Gary Gaither, et al.                                      Court of Appeals No. E-22-013

        Appellees                                      Trial Court No. 2022CV0011

v.

Kelleys Island Local School District
Board of Education

        Defendant                                      **DECISION AND JUDGMENT**

[Phil Thiede-Appellant]                                      Decided: April 21, 2023

* * * * *

Aaron E. McQueen, Mark W. Bernlohr, and Clay K. Keller, for
appellees.

Matthew John Markling and Kellie D. Zaccardelli, for appellant.

* * * * *

**DUHART, J.**

**{¶ 1}** This case is before the court on an appeal by appellant, Phil Thiede, from the
March 30, 2022 judgment of the Erie County Common Pleas Court which denied a
motion for judgment on the pleadings as it related to whether Thiede was entitled to
immunity. For the reasons that follow, we affirm the trial court's judgment.

## Assignments of Error

I. The Trial Court erred in issuing an order denying Defendant-Appellant Superintendent Phil Thiede the same *** benefits of an alleged immunity from liability as provided to political subdivisions pursuant to R.C. Chapter 2744 as Defendant Kelleys Island Local School District Board of Education is the only real party in interest.

II. The Trial Court erred in issuing an order denying Defendant-Appellant Superintendent Phil Thiede the benefits of an alleged immunity from liability as provided to employees of political subdivisions pursuant to R.C. Chapter 2744.

## Background

{¶ 2} On January 12, 2022, appellees, Gary and Mary Gaither, individually and as legal guardians for Complainant E, filed a Verified Complaint for Injunctive and Other Relief against The Kelleys Island Local School District Board of Education ("the Board") and Phil Thiede, the principal and superintendent of Kelleys Island Local School District ("the District").  The Board and Thiede jointly filed an answer to the complaint and a motion for judgment on the pleadings.

### *The Gaithers' Complaint*

{¶ 3} The following facts are alleged in the Gaithers' complaint, and are assumed to be true for the purposes of this appeal.

2.

{¶ 4} Complainant E is a student in the District and Thiede is the principal, superintendent and administrator at the District.

{¶ 5} The District has enacted Board Policy JFCF ("Policy JFCF"), which prohibits harassment, intimidation or bullying of students by other students. Policy JFCF defines "harassment, intimidation, or bullying"[1] as including "any intentional written, verbal, graphic, or physical act or gesture that a student has exhibited toward another particular student more than once and the behavior both: 1. causes mental or physical harm to the other student; [and] 2. is sufficiently severe, persistent, or pervasive that it creates an intimidating, threatening, or abusive educational environment for the other student." According to Policy JFCF, Thiede or a designee is responsible for receiving complaints regarding violations of Policy JFCF, and are then required to conduct a prompt and thorough investigation and prepare a written report. Verified acts of bullying shall result in intervention which can range from positive behavioral interventions up to, and including, suspension or expulsion.

{¶ 6} Respondent is also a student at the District. Respondent was previously expelled from another school district for serious behavioral issues. From Fall of 2021 until the filing of the complaint, five separate complaints by students, including one by Complainant E, were made against Respondent under Policy JFCF for bullying, and a sixth student was subject to acts of bullying by Respondent and therefore withdrew from

---

[1] For ease of discussion, we will use the term "bullying" to refer to harassment, intimidation or bullying.

3.

the District. These complaints included multiple allegations of bullying by Respondent, including physical violence against students, and threatening behavior.

{¶ 7} In response to the five complaints, a Designee was retained by the Board and Thiede to investigate. The Designee made written reports to the Board and Thiede. With respect to Complainant E's complaint, the Designee found that it had been established that Respondent bullied Complainant E "through intentional verbal, graphic, and physical acts and gestures that Respondent exhibited toward Complainant more than once" and that Respondent's conduct "was sufficiently severe, persistent, and/or pervasive that it created an intimidating, threatening, and/or abusive educational environment for Complainant."

{¶ 8} The Designee further stated that Complainant E and her parents/guardians reported that Respondent's acts of bullying deescalated after law enforcement investigated allegations regarding an incident that occurred on approximately October 16, 2021, and that educators were interviewed and did not report any acts of bullying by Respondent against Complainant E. However, the Gaithers' complaint alleges that these statements are not true, citing to a police report which states that the officer spoke to teachers, an intervention specialist, and the guidance counselor, and "all of them had concerns for the safety and welfare of the children that attend the school," and that several teachers reported being confronted by Respondent and felt threatened. The Gaithers' complaint also specifically alleges that Respondent's behavior has "continued

4.

unabated" and that Respondent has "engaged in additional and continuing * * * bullying" after October 16, 2021.[2]

{¶ 9} The Designee recommended that Thiede "should consider counseling as a non-disciplinary intervention" and "should consider suspension and expulsion as a disciplinary measure only after providing Respondent and Respondent's parents/guardians further notice and opportunity, as well as other rights afforded to Respondent as a matter of law." The Designee made the same recommendations with respect to the other complaints filed against Respondent.

{¶ 10} The Gaithers sent a letter to the Board, in care of Thiede, requesting that the disciplinary measures recommended by the Designee be carried out and that Policy JFCF continue to be enforced. According to the Gaithers' complaint, these recommendations have not been carried out.

---

[2] Citing to allegations in his answer, Thiede contends that it is "undisputed" and "uncontested" that he "took appropriate interventions, which were reasonably calculated to stop [Respondent's] misconduct and prevent further * * * misconduct" and that the Respondent's misconduct directed to Complainant E stopped prior to the filing of the complaint. However, these statements are not consistent with factual allegations in the Gaithers' complaint, which we must take as true for purposes of this motion. *See e.g.*, the Gaithers' complaint, ¶ 40, 41, 53, 54, 57, 76. Although Thiede has stated that any educational record of Respondent, presumably including his disciplinary record, is confidential as a matter of law, and thus, "[t]he fact that the Gaithers do not know the specific details of the interventions taken by [Thiede] * * * does not create the existence of either a disputed fact or uncontested issue," we note that for purposes of this motion, we cannot rule out the possibility that the Gaithers have this information from some source.

5.

{¶ 11} The Gaithers further allege in their complaint that the Board and Thiede continue to violate Policy JFCF and R.C. 3133.666 by failing to intervene and discipline Respondent and by not otherwise eliminating Respondent's bullying of students. The Gaithers also allege that the Board and Thiede's "gross negligence, reckless, deliberate and intentional failure to appropriately act to enforce Policy JFCF and protect Complainant E as well as other students, faculty and staff" at the District from Respondent has placed Complainant E and others in danger.

{¶ 12} The Gaithers' complaint also asserts that the Board, Thiede, and the Designee all minimized, underrepresented, underreported and misrepresented Respondent's ongoing "school related physical and verbal misconduct, violence, harassment, intimidation and bullying in their investigation and findings in bad faith," and that this underreporting, minimization, and mischaracterization, as well as the failure to intervene, was done knowingly and intentionally in part in response to separate civil litigation/claims the Board and Thiede are involved in with Respondent's guardian, and "so as not to be required to fully address th[e] situation and discipline Respondent."[3]

{¶ 13} According to the Gaithers' complaint, Respondent's behavior also violated the school handbook, and the Board and Thiede have not enforced the handbook.

---

[3] The complaint alleges that "[d]efendants have been involved in separate civil litigation/claims with Respondent's guardian." However, the Gaithers' appellate brief and other documents in the record only refer to litigation between the Board and the guardian.

6.

*Claims Alleged in the Gaithers' Complaint*

**{¶ 14}** The Gaithers' complaint includes the following claims: a claim for injunctive relief requesting that the Board and Thiede be "temporarily, preliminarily, and permanently enjoined from allowing Respondent to return to [the District] until this dispute [is] resolved" (Count One); a claim for declaratory judgment "seeking an order declaring the parties' respective rights and obligations with respect to [the school handbook] and Policy JFCF" (Count Two); a claim for gross negligence alleging that the Board and Thiede "deliberately and intentionally, with reckless disregard for the safety and well[-]being of Plaintiffs, Complainant E and others similarly situated, breached * * * duties [to respond, intervene, and abate Respondent's * * * bullying and to provide a safe learning environment] and failed to act or enforce [the Board's] policies and Ohio law" (Count Three); and, loss of consortium (Count Four).

*Judgment on the Pleadings*

**{¶ 15}** On January 26, 2022, the Board and Thiede filed a joint motion for judgment on the pleadings regarding R.C. Chapter 2744 immunity grounds. On March 30, 2022, the trial court issued its ruling. The court first noted that sovereign immunity only applied to claims for money damages, and therefore found the motion for judgment on the pleadings was limited to Count 3 (gross negligence) and Count 4 (loss of consortium) of the Gaithers' complaint. The court granted the motion for judgment on

7.

the pleadings with respect to the Board on Counts 3 and 4, and denied the motion with respect to Thiede as to Counts 3 and 4.  Thiede appealed.[4]

## Applicable Law

### Statutory Immunity

{¶ 16} R.C. Chapter 2744 provides for immunity in certain circumstances for political subdivisions and their employees.  Immunity for political subdivisions from civil damage claims is addressed in R.C. 2744.02, which involves a three-tiered analysis.  R.C. 2944.03(A)(6) provides immunity to employees of political subdivisions, unless "the employee's actions or omissions are manifestly outside the scope of employment or the employee's official responsibilities, the employee's acts or omissions were malicious, in bad faith, or wanton or reckless, or liability is expressly imposed upon the employee by a section of the Revised Code."  *Cramer v. Auglaize Acres*, 113 Ohio St.3d 266, 2007-Ohio-1946, 865 N.E.2d 9, ¶ 17, citing R.C. 2944.03(A)(6).

### Judgment on the Pleadings

{¶ 17} "Under Civ.R. 12(C), '[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.' In considering a Civ.R. 12(C) motion, the trial court may review only 'the complaint and the answer as well as any material incorporated by reference or attached as exhibits to those

---

[4] We note that only the portion of the trial court's decision denying immunity can be addressed in an interlocutory appeal such as this.  *See* R.C. 2744.02(C).  The grant of immunity is not a final appealable order when there are other issues remaining.  *Harris v. Hilderbrand*, 2022-Ohio-1555, 191 N.E.3d 1143, ¶ 41 (7th Dist.).

8.

pleadings.'" *Davis v. Mercy St. Vincent Med. Ctr.*, 2022-Ohio-1266, 190 N.E.3d 77, ¶ 9 (6th Dist.).

{¶ 18} "Dismissal is appropriate under Civ.R. 12(C) when (1) the court construes as true, and in favor of the nonmoving party, the material allegations in the complaint and all reasonable inferences to be drawn from those allegations and (2) it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief." *Maternal Grandmother v. Hamilton Cnty. Dept. of Job & Family Services*, 167 Ohio St.3d 390, 2021-Ohio-4096, 193 N.E.3d 536, ¶ 13, quoting *Reister v. Gardner*, 164 Ohio St.3d 546, 2020-Ohio-5484, 174 N.E.3d 713, ¶ 17.

{¶ 19} With respect to a claim that there is an exception to immunity under R.C. 2744.03(A)(6)(b), a complaint merely needs to put the employee on notice of the claims against him or her and "rais[e] the possibility that the exception to * * * statutory immunity under R.C. 2744.03(A)(6)(b) might apply." *Maternal Grandmother* at ¶ 15. If it does, judgment on the pleadings is inappropriate unless there are no set of facts which would entitle the plaintiff to relief. *Id.*

{¶ 20} We conduct a de novo review the trial court's judgment. *Davis* at ¶ 9.

**First Assignment of Error**

{¶ 21} Thiede contends that the Gaithers' claims against him should be dismissed as the Board is the only real party in interest; he is named solely in his official capacity as superintendent, and not individually. The Gaithers dispute this, maintaining that their

9.

complaint alleges that Thiede was "a tortfeasor in his personal or individual capacity as the principal and an employee of [the District]," "that [Thiede's] own acts or omissions [were] a proximate cause" of their injuries, and that Thiede "failed to carry out Policy JFCF and did numerous other things recklessly, intentionally and with willful and wanton disregard for the rights and safety of Complainant E."

*Immunity Test When Sued In Official Capacity*

{¶ 22} When a complaint asserts claims against a party in his or her official capacity as an officeholder of a political subdivision, we apply the three-tiered political-subdivision-immunity analysis set forth in R.C. 2744.02, which generally establishes immunity for a political subdivision, and not the employee-immunity provisions of R.C. 2744.03(A)(6). *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, 927 N.E.2d 585, ¶ 17.

*Immunity Test When Sued Individually*

{¶ 23} When the complaint asserts claims against the employee individually, we utilize the test set forth in R.C. 2744.03(A)(6). *Id.* at ¶ 10. Although the caption of the complaint is a consideration, *see id.* at ¶ 15, in the context of a Civ.R. 12(C) motion, the determination of whether a claim is asserted against an employee in his individual capacity is not solely based on the presence or absence of certain buzzwords (such as "individually"); courts also consider whether "the plaintiff's allegations pertained to the policies and practices of the political subdivision or to the actions taken by the defendant

10.

personally." *See Freedom Banc Mortg. Servs., Inc. v. O'Harra*, S.D.Ohio No. 2:11-cv-01073, 2012 WL 3862209, *14 (Sept. 5, 2012), citing *Lambert* at ¶ 16.

*Analysis*

{¶ 24} The Gaithers' complaint names "Phil Thiede, Principal and Superintendent, Kelleys Island Local School District" as defendant, and describes him in the complaint as "Superintendent, Principal and Administrator" at the District. The complaint then alleges, inter alia, that defendants, which include Thiede, "engaged in attempts to minimize, underrepresent, underreport, misrepresent and mischaracterize Respondent's ongoing and unabated school related physical and verbal misconduct, violence, harassment, intimidation and bullying in their investigation and findings in bad faith"; failed to disclose or report multiple additional incidents of Respondent's bullying "either attempting to deliberately, recklessly and intentionally conceal or mischaracterize such additional incidents as unrelated to school activities and therefore somehow not subject to [R.C.] 3313.666 and Policy JFCF * * * or recklessly, deliberately, and intentionally concealing, refusing or failing to disclose despite requests for information, underreporting or minimizing the severity of such additional incidents so as not to be required to fully address this situation and discipline Respondent"; and "recklessly, deliberately, maliciously, intentionally and in bad faith made the decision not to follow and enforce" the Designee's recommendations.

11.

**{¶ 25}** We find the Gaithers' complaint could more clearly convey that the Gaithers' claims are also against Thiede individually. Nevertheless, we find for purposes of considering Thiede's Civ.R. 12(C) motion, the allegations in the complaint, when considered in favor of the Gaithers, refer to actions taken by Thiede personally and therefore sufficiently assert claims against Thiede in an individual capacity.[5]

**{¶ 26}** We find Thiede's first assignment of error not well-taken.

## Second Assignment of Error

**{¶ 27}** Thiede contends that he is entitled to immunity under R.C. 2744.03(A)(6). The Gaithers counter that they pled sufficient facts to establish that he acted "with malicious purpose, in bad faith, or in a wanton or reckless manner" and thus the exception to immunity found in R.C. 2744.03(A)(6)(b) applies.

*Exception to Immunity when Acting Maliciously, in Bad Faith, Wantonly, or Recklessly*

**{¶ 28}** For purposes of R.C. 2744.03(A)(6)(b), "malice" requires that the employee "engage in a 'willful and intentional design to do injury or the intention or desire to harm another, usually seriously, through conduct that is unlawful or unjustified.'" *Horen v. Bd. of Edn. of Toledo Pub. Schools*, 6th Dist. Lucas No. L-09-1143, 2010-Ohio-3631, ¶ 48, quoting *Jackson v. Butler Cty. Bd. of Commrs.*, 76 Ohio

---

[5] Thiede also argues that the trial court incorrectly held that the real party in interest analysis did not apply to Thiede because he is "not the elected officeholder of a political subdivision." We note the trial court also held that it was not accurate to state that Thiede was only sued in his official capacity given the complaint's "level of specificity describing his acts and omissions." In our de novo review, we have not based our decision on whether Thiede was an elected officeholder. Thus, this argument is moot.

12.

App.3d 448, 453-454, 602 N.E.2d 363 (12th Dist.1991). "Bad faith" means that "the employee acts 'with a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive, or ill will, and embraces actual intent to mislead or deceive another.'" *Id.*, quoting *Jackson v. McDonald*, 144 Ohio App.3d 301, 309, 760 N.E.2d 24 (5th Dist.2001). "Wanton misconduct occurs when the employee fails to exercise any care; it implies a disposition to perversity and a failure to exercise care toward those to whom care is owed." *Id.* at ¶ 49. Lastly, an employee that "perversely disregards a known risk" is considered to be "reckless." *Id.*

{¶ 29} We first note that Thiede has raised certain arguments for the first time in his reply brief. These arguments include the following: we cannot consider any allegations regarding a duty owed under the handbook or R.C. 3313.666 as the trial court previously held Thiede did not owe a duty under these and the Gaithers did not appeal that decision; the trial court has previously found that the Gaithers have no right to learn the corrective response chosen by the Board and the Gaithers did not appeal that decision and thus any allegations regarding this should be disregarded; and we are limited to considering three paragraphs of the complaint, as those paragraphs were the only paragraphs relied upon by the trial court.

{¶ 30} Generally, we do not consider issues raised for the first time in a reply brief. *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 18. In this case, we find that, even if we were to consider these arguments, they would not

13.

affect our decision. Regarding Thiede's reliance on other decisions made in this case by the trial court, we note that, as this is an interlocutory appeal, "our review is limited to the alleged errors in the portion of the trial court's decision which denied the * * * benefit of immunity; and this Court lacks jurisdiction to address any other interlocutory rulings the trial court made." *Elias v. City of Akron*, 9th Dist. Summit No. 29107, 2020-Ohio-480, ¶ 8, citing *Owens v. Haynes*, 9th Dist. Summit No. 27027, 2014-Ohio-1503, ¶ 8. Moreover, as we have mentioned previously in this opinion, Thiede's argument that the Gaithers are not entitled to be informed of any corrective actions taken against Respondent, if true, does not necessitate a finding that there are no set of facts to support the Gaithers' complaint as it is conceivable they have this information nevertheless. With respect to Thiede's claim that the trial court held that only paragraphs 41, 52, and 59 of the Gaithers' complaint pled sufficient operative facts to defeat immunity and thus, we are limited to consideration of those three paragraphs, we point out that our review here is de novo, and thus, we conduct an independent review without deference to the trial court's determination. *Hoeflinger v. AM Mart, LLC*, 2017-Ohio-7530, 96 N.E.3d 1247, ¶ 15 (6th Dist.), quoting *State ex rel. AFSCME v. Taft*, 156 Ohio App.3d 37, 2004-Ohio-493, 804 N.E.2d 88, ¶ 27 (3d Dist.).

{¶ 31} Thiede argues that the trial court's decision should be reversed based upon the court's statement that he "is subject to suit unless he is immune under R[.]C[.] Chapter 2744." Thiede alleges that with this language, the court "essentially determined

14.

[Thiede] to be liable until proven not to be liable," which is inconsistent with the language of R.C. 2744.03(A)(6)(b) which states that an employee is immune unless "[t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner." We have reviewed the trial court's order and find the trial court did not misapply R.C. 2744.03(A)(6)(b).

{¶ 32} Next, Thiede claims that the Gaithers did not meet their burden of pleading an exception to immunity under R.C. 2744.03(A)(6) as they did not "plead any materially significant facts sufficient to survive a motion for judgment on the pleadings." He insists that there were no materially significant facts pled evidencing that his actions were with malicious purpose, in bad faith, were wanton, or were reckless.

{¶ 33} A plaintiff does not need to plead the factual circumstances surrounding a claim that there is an exception to immunity under R.C. 2744.03(A)(6)(b) *with particularity*; notice pleading is sufficient. *Maternal Grandmother*, 167 Ohio St.3d 390, 2021-Ohio-4096, 193 N.E.3d 536, at ¶ 11. Therefore, as discussed above, for purposes of this motion, the Gaithers merely need to put Thiede on notice that an exception to his statutory immunity "might apply." *Id*. at ¶ 15. Unless the allegations in the complaint "are so deficient that 'no set of facts' proving those allegations" could overcome Thiede's statutory immunity, dismissal on the pleadings is inappropriate. *Id*.

{¶ 34} Here, the Gaithers' complaint alleges that Thiede misrepresented and intentionally concealed Respondent's bullying in bad faith so as not to be required to

15.

fully address the situation, and did not properly address Respondent's bullying, despite the fact that he was required to do so, and that this was, in part, in response to concerns of additional lawsuits or retaliation by Respondent's guardian.

{¶ 35} When considering all of the allegations in the complaint as true, as we must in the context of a Civ.R. 12(C) motion, we conclude that the Gaithers have sufficiently pled an exception to immunity and we cannot determine that there are no set of facts that would entitle the Gaithers to relief. Accordingly, we find the trial court did not err in denying the motion for judgment on the pleadings as it pertained to the claims against Thiede set forth in Counts 3 and 4 of the complaint.

{¶ 36} We find Thiede's second assignment of error not well-taken.

**Conclusion**

{¶ 37} The judgment of the Erie County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.         _____
                 JUDGE
Gene A. Zmuda, J.

Myron C. Duhart, P.J.        JUDGE
CONCUR.

_____

_____
                 JUDGE

16.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.