[Cite as *Kesler v. JM Harper, L.L.C.*, 2024-Ohio-1575.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| ANGIE KESLER, | : | Case No. 23CA2 |
| EXECUTOR OF THE ESTATE | : | |
| OF KYLE STULLER, et al., | : | |
| | : | |
| Plaintiffs-Appellants, | : | |
| | : | |
| v. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| JM HARPER, LLC, et. al., | : | |
| | : | |
| Defendants-Appellees. | : | **RELEASED: 04/18/2024** |
| | : | |

APPEARANCES:

Aaron M. McHenry and Michael WM Warren, Warren Law Firm, Chillicothe, Ohio, and Glenn E. Algie, Law Office of Glenn E. Algie, West Chester, Ohio, for appellants.

C. Joseph McCullough, White, Getgey & Meyer Co. LPA, Cincinnati, Ohio, and Bartholomew T. Freeze and Joseph G. Bogdewiecz, Freund, Freeze & Arnold, Columbus, Ohio, for appellees.

___

Wilkin, J.

{¶1} Appellants, Angie Kesler, executor of the estate of Kyle Stuller, and Randi Anderson, executor of the estate of Cody Anderson, (hereinafter collectively referred to as "appellants"), appeal a Hocking County Court of Common Pleas judgment entry that dismissed their complaint against JM Harper, LLC, and Harpers Gas and More (hereinafter collectively referred to as "appellees") because appellants failed to state a claim upon which relief could be granted under Civ.R. 12(C).

**{¶2}** Appellants filed a complaint against appellees seeking damages under the Dram Shop Act, R.C. 4399.18, among other claims.  Appellees filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C), which the trial court granted.  After reviewing the parties' arguments, the record, and the applicable law, we overrule appellants' assignment of error and affirm the trial court's judgment of dismissal.

PROCEDURAL BACKGROUND

**{¶3}** On August 24, 2021, appellants filed a complaint on behalf of their sons' respective estates against appellees, appellees' employee, Miranda R. Sines ("Sines"), and John Doe alleging: (1) wrongful death, (2) Dram Shop Liability (R.C. 4399.02 et seq.), (3) negligent training and supervision, and (4) vicarious liability.  The complaint alleged that appellees sold alcohol to Cody Anderson, who was under the age of 21.  That both Cody Anderson and Kyle Stuller consumed the alcohol, became intoxicated, and both died in a single car crash in which they were the only occupants.  The complaint sought damages from appellees.

**{¶4}** Appellees filed an answer asserting 14 defenses.  Defendant, Sines, filed a separate answer alleging various defenses, and a counterclaim against appellees seeking indemnification or contribution if she was found liable.

**{¶5}** Appellees then filed a Civ.R. 12(C) motion for judgment on the pleadings.  The trial court issued an entry granting the motion to dismiss.  The court found that the "Dram Shop Act provides the exclusive remedy against liquor permit holders for the negligent acts of intoxicated patrons."  Therefore, the court

determined that appellants' claims for wrongful death, negligent training and

supervision, and vicarious liability were preempted by R.C. 4399.18.

{¶6} Regarding appellants' Dram-Shop-Act claims, the court found that for

a seller of alcohol to be liable, the purchaser of alcohol must be underage and

the purchaser after consuming the alcohol acted negligently to injure the plaintiff,

i.e., the underage purchaser and the harm-doer must be the same person to

recover.  The court concluded:

> In this case, with all reasonable inferences drawn in favor of
> the moving party, the Court finds that there are no set of facts that
> Mr. Anderson, the purchaser of alcohol, was the same person as the
> harm-doer.  Mr. Anderson purchased the alcohol and did not operate
> the vehicle causing the crash.  Mr. Stuller operated the vehicle and
> caused the crash but did not purchase the alcohol.

{¶7} Accordingly, the court granted appellees' Civ.R. 12(C) motion and

dismissed appellants' complaint.  It is this judgment that appellants appeal.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DISMISSING APPELLANTS' CLAIMS AGAINST
APPELLEES, JM HARPER, LLC AND HARPER'S GAS AND MORE BECAUSE
THE TRIAL COURT CONSIDERED INFORMATION OUTSIDE THE
PLEADINGS WHEN MAKING ITS DECISION.

{¶8} Appellants maintain that a court can dismiss a claim under Civ.R.

12(C) only if it appears beyond doubt that the nonmoving party can prove no set

of facts entitling them to relief.  In analyzing a motion to dismiss under

Civ.R.12(C), the court must construe all material allegations and inferences in

favor of the nonmoving party.  Further, the trial court is limited to the face of the

pleadings that have been filed with the court.

{¶9} Appellants claim that neither party addressed in their pleadings who was driving the night of the accident. Therefore, it is not possible, viewing only the pleadings, to determine who was driving on the date of the fatal accident. Consequently, the trial court erred in relying on matters outside the pleadings when it determined that the purchaser of the alcohol and the harm-doer were different persons. Therefore, appellants move this court to reverse the trial court's dismissal of their complaint.

{¶10} In response, the appellees first argue that appellants did not appeal the trial court's determination that the Dram Shop Act provides the exclusive remedy against liquor permit holders for negligent acts of intoxicated patrons. Therefore, the trial court's dismissal of appellants' wrongful death, negligent training and supervision, and vicarious liability claims remain in effect.

{¶11} Appellees next maintain that appellants waived the argument that the trial court erred in considering information outside the pleadings because they did not raise that objection in the trial court. Appellants assert that it is well settled that a party may not raise an issue for the first time on appeal. Therefore, because appellants did not object to the trial court's consideration of matters outside the pleadings, it cannot raise that issue on appeal here.

{¶12} Finally, appellees argue that the trial court did not consider information outside the pleadings. Appellees argue that the trial court considered reasonable inferences from appellants' complaint read in pari materia with Exhibit 1 (the accident report) attached to appellees' answer to find that Stuller drove the car. The complaint indicates that "Anderson was *traveling* in a motor vehicle with

Stuller[,]" while Ex. 1 indicates that Stuller was driving the car. (Emphasis sic.) Appellants further maintain that this court "may also take judicial notice of the information in the accident report, which is a *public record.*" (Emphasis sic.)

## A. Law

### 1. Standard of Review

**{¶13}** "Appellate courts conduct a de novo review of trial court decisions concerning Civ.R. 12(C) motions for judgment on the pleadings." *Leckrone v. Kimes Convalescent Ctr.*, 2021-Ohio-556, 168 N.E.3d 565, ¶ 7 (4th Dist.), citing *Harris Farms, LLC v. Madison Twp. Trustees,* 4th Dist. Scioto No. 17CA3817, 2018-Ohio-4123, ¶ 12. "We review the judgment on the pleadings de novo, giving no deference to the trial court's judgment." *Dolan v. Glouster*, 2007-Ohio-6275, 173 Ohio App. 3d 617, , 879 N.E.2d 838, ¶ 7 (4th Dist.), citing *Fontbank, Inc. v. CompuServe, Inc.*, 138 Ohio App.3d 801, 807, 742 N.E.2d 674 (10th Dist. 2000).

### 2. Civ.R. 12(C)

**{¶14}** Civ.R. 12(C) states: "Motion for Judgment on the Pleadings.  After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  "A court that considers a Civ.R. 12(C) motion for judgment on the pleadings 'must construe the material allegations in the complaint, along with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true.' " *Leckrone* at ¶ 8, quoting *Ohio Manufacturers' Assn. v. Ohioans for Drug Price Relief Act*, 147 Ohio St.3d 42, 2016-Ohio-3038, 59 N.E.3d 1274, ¶ 10 (citation omitted).  "A court may enter

judgment on the pleadings 'only if it appears beyond doubt that the nonmoving party can prove no set of facts entitling it to relief.' " *Id.*, quoting *Ohio Manufacturers' Assn.* at ¶ 10.

{¶15} "Determination of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings and any writings attached to the complaint." *State ex rel. Lockard v. Wellston City Sch. Dist. Bd. of Edn.*, 2015-Ohio-2186, 35 N.E.3d 880, ¶ 6 (4th Dist.), citing *Peterson v. Teodosio,* 34 Ohio St.2d 161, 165, 297 N.E.2d 113 (1973).  "Pleadings are defined by rule as a complaint, answer, reply to a counterclaim, answer to a cross-claim, third-party complaint, and a third-party answer.  Civ.R. 7(A)." *Id.*, citing *Vandenbos v. Xenia,* 2d Dist. Greene No. 14CA14, 2015-Ohio-35, ¶ 12.  Motions, including a motion for judgment on the pleadings, are not pleadings as defined in Civ. R. 7(A).  *Pollack v. Watts*, 5th Dist. Fairfield No. 97CA0084, 1998 WL 517702, at *3 (App. Aug. 10, 1998).

{¶16} "In analyzing whether to consider documents attached to the complaint or the answer, we note that Civ.R. 10(C) allows a written instrument attached to a complaint or an answer to be part of the pleadings for all purposes." *Lockard* at ¶ 6.  Some Ohio appellate districts have held the trial court may "consider the complaint, answer, *and any* documents attached to those pleadings when it rules on a Civ.R. 12(C) motion."  (Emphasis added.)  *Toman v. Humility of Mary Health Partners,* 7th Dist. Mahoning No. 13MA105, 2014-Ohio-4417, ¶ 9.

{¶17} This court

> has *not* construed "written instrument" to mean *any* document
> attached to a pleading. Rather, the term "written instrument"

in Civ.R. 10(C) has primarily been interpreted to include documents that evidence the parties' rights and obligations, such as negotiable instruments, "insurance policies, leases, deeds, promissory notes, and contracts." 1 Klein & Darling, Baldwin's Ohio Practice (2004), 744–45.

*Lockard* at ¶ 6, quoting *Vandenbos* at ¶ 13.

### 3. The Dram Shop Act: R.C. 4399.18

**{¶18}** "Historically, common law in Ohio prohibited a cause of action against a liquor permit holder for injury caused by an intoxicated person." *Lesnau v. Andate Ents., Inc.*, 93 Ohio St.3d 467, 468, 756 N.E.2d 97 (2001). "The law presumed that the proximate cause of injury was the consumption of the alcohol, not the sale." *Brown v. Hyatt-Allen Am. Legion Post No. 538*, 6th Dist. Lucas No. L-89-336, 1990 WL 174317, *3 (Nov. 9, 1990). However, "[i]n 1986, the General Assembly codified the Dram Shop Act in R.C. 4399.18[.]" *Jacobson v. Kaforey*, 149 Ohio St.3d 398, 2016-Ohio-8434, 75 N.E.3d 203, ¶ 43.

> Ohio's Dramshop Act, R.C. 4399.18, entitled "Limitations on liability for acts of intoxicated person," codified a narrow exception to the general rule of prohibiting liability. The Act states, in pertinent part,
>
> A person has a cause of action against a permit holder or an employee of a permit holder for * * * death * * * caused by the negligent actions of an intoxicated person occurring off the premises * * * *only when both* of the following can be shown by a preponderance of the evidence:
>
> (A) The permit holder or an employee of the permit holder knowingly sold an intoxicating beverage to at least one of the following: * * * (2) A person in violation of section 4301.69 of the Revised Code.
>
> (B) The person's intoxication proximately caused the personal injury, death, or property damage. (First three sets of ellipses and emphasis sic.)

*Hoeflinger v. AM Mart, LLC*, 2017-Ohio-7530, 96 N.E.3d 1247, ¶ 17-18 (6th Dist.)

**{¶19}** R.C. 4301.69 provides that "no person shall sell beer or intoxicating liquor to an underage person," which is under the age of twenty-one years old. Thus, the Dram Shop Act provides a cause of action for the injured party against a liquor permit holder for selling alcohol to a minor who in turn becomes intoxicated and causes injury to another. In other words,

> Under the express terms of R.C. 4399.18, the purchaser of alcohol and the harm-doer must be the same person. That is, the statute allows a claim against a liquor permit holder/its employees for injuries that occur off the premises when they knowingly sell to * * * [an]underage person and "the person's intoxication proximately caused the personal injury, death, or property damage." R.C. 4399.18(B)

*Hoeflinger.* at ¶ 39, quoting R.C. 4399.18(B).

**{¶20}** Finally, as recognized recently by the Eleventh District Court of Appeals:

> [I]t is well established in this and other districts across Ohio [including our's] that the Dram Shop Act provides the exclusive remedy against liquor permit holders for the negligent acts of intoxicated patrons. *Studer v. Veterans of Foreign Wars Post 3767*, 185 Ohio App.3d 691, 2009-Ohio-7002, 925 N.E.2d 629 (11th Dist.); *Smith v. S.P. Greenville Inn, L.L.C.,* 11th Dist. Geauga No. 2014-G-3184, 2014-Ohio-4311, 2014 WL 4825377; *Stillwell v. Johnson*, 76 Ohio App.3d 684, 602 N.E.2d 1254 (1st Dist.1991); *Cummins v. Rubio*, 87 Ohio App.3d 516, 518, 622 N.E.2d 700 (2d Dist.1993); *Aubin v. Metzger*, 3d Dist. Allen No. 1-03-08, 2003-Ohio-5130, 2003 WL 22229400; *Litteral v. The Ole Menagerie*, 4th Dist. Lawrence No. 95CA33, 1996 WL 511656 (Sept. 4, 1996); *Brown v. Hyatt-Allen Am. Post No. 538,* 6th Dist. Lucas No. L-89-336, 1990 WL 174317 (Nov. 9, 1990).

*Jirousek v. Sladek,* 2020-Ohio-5382, 163 N.E.3d 64, ¶ 8 (11th Dist.)

B. Analysis

1. Wrongful Death, Negligent Training and Supervision, and Vicarious Liability

**{¶21}** As appellees contend, appellants do not contest the trial court's determination that the Dram Shop Act preempted their claims of wrongful death, negligent training and supervision, and vicarious liability.  Thus, appellants have waived any argument of this issue on appeal.  However, even in light of this waiver, we believe reviewing the trial court's decision is advisable.

**{¶22}** As we recognize infra, the Dram Shop Act provides the "*exclusive remedy* against liquor permit holders for the negligent acts of intoxicated patrons." (Emphasis added.)  *Jirousek* at ¶ 8.  Therefore, we find that appellants' claims against appellees for wrongful death, negligent training and supervision, and vicarious liability are preempted by the Dram Shop Act.  Accordingly, it is beyond doubt that appellants can prove no set of facts entitling them to relief pursuant to these causes of action.

**{¶23}** Consequently, based on our de novo review, we find that the trial court did not err in granting appellees' motion for judgment on the pleadings pertaining to these causes of action.

2. Dram-Shop-Act Claims

**{¶24}** Appellees maintain that appellants have waived their right to challenge whether the trial court erroneously relied on materials outside the pleadings in granting appellees' Civ.R. 12(C) motion pertaining to appellants Dram-Shop-Act claim.  In order to sufficiently address this issue, we must review the trial court's proceedings that addressed appellees' Civ.R. 12(C) motion.

**{¶25}** In their Civ. R. 12(C) motion to dismiss on the pleadings, appellees argued that a claim under the Dram Shop Act can be successful only if the purchaser of the alcohol and the harm-doer are the same person, citing *Hoeflinger v. AM Mart, LLC*, 2017-Ohio-7530, 96 N.E.3d 1247, ¶ 17-18 (6th Dist.).  Appellees further alleged that Anderson purchased the alcohol in this case, but Stuller was driving the car at the time of the crash.  Therefore, appellees claimed there were no set of facts that would permit appellants to recover under the Dram-Shop-Act claim because the purchaser and the harm-doer were not the same person.

**{¶26}** Appellants filed a memorandum in opposition.  Notably, however, they never addressed appellees assertion that to recover under the Dram Shop Act, the purchaser of alcohol and the harm-doer must be the same person.  Related to that, appellants never challenged appellees' argument that Stuller was the driver at the time of the accident.  Finally, appellants never alleged that appellees improperly relied on matters outside the pleadings to support their assertion that Stuller was the driver at the time of the accident.

**{¶27}** The trial court found in part that Anderson purchased the alcohol and Stuller was the driver at the time of the accident.  Therefore, the trial court granted appellees' Civ.R. 12(C) motion and dismissed appellants' complaint.

**{¶28}** Appellants now complain that the trial court erred in granting appellees' Civ.R 12(C) motion for judgment on the pleadings by relying on matters outside the pleadings.  Specifically, appellants allege that the court improperly looked beyond the pleadings to determine that Stuller was driving at

the time of the accident.  Appellants claim that "[n]either [their] complaint, nor

Appellees' answer * * * address who was driving that night." [1]

{¶29} Appellants were on notice of this claim in the trial court.  Appellants

could have argued that appellees were relying on matters outside the pleadings

in seeking their Civ.R.12(C) motion to dismiss when they filed their memorandum

contra in the trial court.  Because they did not, they have waived all but plain

error on appeal.  *See Matter of K.M.*, 4th Dist. Ross Nos. 19CA3677, 19CA3678,

2019-Ohio-4252, ¶ 39, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679

N.E.2d 1099 (1997).  However,

> In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.

*Id.* at ¶ 40, citing *Goldfuss* at the syllabus.

{¶30} We also find that this case fails to meet the *Goldfuss* threshold of

being one of the "extremely rare" civil cases where plain error review is applied,

i.e., the "circumstances" do not "seriously affect[ ] the basic fairness, integrity, or

public reputation of the judicial process."

---

[1] While neither the complaint nor the answer addressed who was driving at the time of the accident herein, there is an accident report in the record that indicates that Stuller was driving at that time.  Therefore, even if appellants' Dram-Shop-Act claim had survived appellees' Civ.R. 12(C) motion for judgment on the pleadings, ultimately it almost certainly would have failed because when viewing the entire record, the evidence indicates that the purchaser and the wrongdoer were not the same person.  In other words, Anderson was the purchaser of the alcohol, and Stuller was the wrongdoer (driver), so appellants claim would have failed. *See Hoeflinger* at ¶ 17-18.

**{¶31}** Therefore, on the basis of waiver, we reject appellants' argument that the trial court erred in considering matters outside the pleadings to support its conclusion that there were no set of facts upon which appellants could prove a Dram-Shop-Act claim.

## CONCLUSION

**{¶32}** Pursuant to our de novo review, we find that the trial court did not err in dismissing appellants' complaint. Accordingly, we affirm the trial court's judgment entry of dismissal.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED.  Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Abele, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**